1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIA MARTINEZ, | Case No.  1:25-cv-00935-JLT-SAB |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| WINCO HOLDINGS, INC., et al., | |
| Defendants. | |

On June 12, 2025, Plaintiff, a California citizen, initiated this action in Fresno County Superior Court against Defendants WinCo Holdings, Inc. ("WinCo"); Kwasi Addo-Boateng, an alleged citizen of California; and Odell Hill, an alleged citizen of California.  (ECF No. 1-1 at 6-14.)   On July 30, 2025, WinCo removed the action to this Court based on diversity jurisdiction. (ECF No. 1.)  In its notice of removal, Defendant WinCo alleges it is an Idaho corporation with its principal place of business in Boise, Idaho.  (Id. at 3.) WinCo further alleges that individual defendants Addo-Boateng and Hill, both California residents, should be disregarded because they are sham defendants and cannot be found liable as a matter of law.  (Id. at 4.)

On August 6, 2025, Plaintiff filed a first amended complaint ("FAC") alleging a claim for intentional infliction of emotional distress ("IIED") against Addo-Boateng and Hill, with additional factual allegations than those contained in the original complaint.  (See ECF No. 1-1 at 6-14.)   The FAC fails to provide a short and plain statement of the grounds for the court's

1  jurisdiction.  <u>See</u> Fed. R. Civ. P  8(a)(1).  It does not appear that the Court has subject matter

2  jurisdiction over this action because no federal question is alleged, and Plaintiff and Defendants

3  are not completely diverse.  <u>See also</u> <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1116 (9th Cir.

4  2004) (noting federal courts are "obligated to consider *sua sponte* whether [they] have subject

5  matter jurisdiction"); <u>see</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears

6  that the district court lacks subject matter jurisdiction, the case shall be remanded.").

7        On August 20, 2025, Defendant WinCo filed a motion to dismiss the FAC.  (ECF No. 6.)

8  The arguments presented at the time of removal related to fraudulent joinder in the original

9  complaint are not contained within the motion to dismiss.  Upon a cursory review of the motion,

10  Defendant WinCo moves for dismissal with prejudice on behalf of non-appearing defendants

11  Addo-Boateng and Hill under Rule 12(b)(6) but does not address fraudulent joinder at the time

12  the action was removed. Defendant re-asserts that Plaintiff's complaint is devoid of any

13  allegations that could plausibly constitute extreme and outrageous conduct by either Addo-

14  Boateng or Hill; neither can be individually liable for IIED under the doctrine of managerial

15  privilege; and Plaintiff's IIED claim is preempted by the Worker's Compensation Act.  (<u>Id.</u> at

16  14-18.)

17        "The test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not

18  equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not

19  necessarily been fraudulently joined."  <u>Grancare, LLC v. Thrower by & through Mills</u>, 889 F.3d

20  543, 549 (9th Cir. 2018); <u>see also</u> <u>McGrann v. AT&T Mobility Servs., LLC</u>, No. 2:16-CV-00701

21  TLN KJN, 2016 WL 6205596, at *3 (E.D. Cal. Oct. 24, 2016) (noting that "a defendant is not

22  fraudulently joined simply because the action is likely to be dismissed against the defendant.

23  Rather, it requires the removing party to prove that there is absolutely no possibility that the

24  plaintiff will be able to establish a cause of action against the in-state defendant in state court, or

25  that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.").  "[I]f there

26  is a possibility that a state court would find that the complaint states a cause of action against any

27  of the resident defendants, the federal court must find that the joinder was proper and remand the

28  case to the state court."  <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1046 (9th Cir. 2009)

1    (citation and quotation omitted).  Further, in cases "in which defendants have argued that a
2    supervisor's alleged conduct was not sufficiently outrageous to support an [IIED] claim, district
3    courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of
4    liability, even where plaintiff's claim appeared 'relatively weak.' " Barsell v. Urban Outfitters,
5    Inc., No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009)
6    (quotation and citation omitted).  Courts have also remanded actions where the complaint failed
7    to allege outrageous conduct because it was possible that the plaintiff could cure the deficiency
8    by amendment.  See Madayag v. McLane/Suneast, Inc., No. 1:16-CV-1082 AWI SAB, 2017 WL
9    30014, at *3 (E.D. Cal. Jan. 3, 2017) (collecting cases).

10           Before the Court makes any determination related to the merits of the motion to dismiss
11   of the FAC, the Court must first have subject matter jurisdiction, which requires a finding that
12   the individual California resident defendants are fraudulently joined.  The Court shall therefore
13   order that Defendant separately show cause why this Court has subject matter jurisdiction.  The
14   Court will afford Plaintiff an opportunity to respond.  The parties are directed to address whether
15   the Court looks to Plaintiff's original complaint at the time of removal or a subsequently filed
16   amended complaint to determine whether the individual defendants are fraudulently joined.

17           Additionally, Plaintiff's opposition to Defendant's motion to dismiss was due by
18   September 3, 2025.  L.R. 230(c).  That deadline has passed, and Plaintiff has not filed any
19   response.  The Local Rules provides that a party who fails to file a timely opposition is not
20   entitled to be heard in opposition to the motion at oral argument.  L.R. 230(c).  Plaintiff is
21   advised that any opposition to Defendant's motion to dismiss will be disregarded if it is not filed
22   with a supporting application for leave to file a late opposition.

23           Accordingly, IT IS HEREBY ORDERED that:

24           1.      Defendant shall show cause in writing on or before **September 12, 2025**, why this
25                   action should not be remanded to Fresno County Superior Court for lack of
26                   subject matter jurisdiction; and

27   ///
28   ///

2.      Plaintiff SHALL file a response <u>limited</u> to addressing this Court's subject matter jurisdiction and Defendant's response to this order to show cause on or before **September 19, 2025**.

IT IS SO ORDERED.

Dated:   **September 5, 2025**

                                      STANLEY A. BOONE
                                      United States Magistrate Judge

4